IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| PENNY L. WARDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:15-cv-00472 |
| | ) | |
| GREGORY NAGY and | ) | By: Elizabeth K. Dillon |
| K.A. DARDEN, | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Pending before the court is the motion of *pro se* plaintiff Penny L. Warden, seeking leave to proceed *in forma pauperis*. (Dkt. No. 1.) Although some of the information in Warden's financial affidavit appears to be incomplete,[1] the court considers both her affidavit and her signed complaint in considering whether to grant *in forma pauperis* status.

Warden avers that her sole income is a monthly disability payment in the amount of $760.00, and that she has only $1.50 in cash or in any bank account. Her complaint alleges that she has recently been homeless and that she is unable to work because of her disability. It also alleges (and provides documentation showing) that she has certain debts, despite her failure to include those debts in her financial affidavit. Based on the totality of the information submitted, the court will grant Warden *in forma pauperis* status and permit her complaint to be filed without the payment of the $400 filing fee.

Before allowing Warden's action to proceed, though, the court must evaluate the complaint pursuant to 28 U.S.C. § 1915(e)(2). Under this provision, the court is required to *sua*

---

[1] For example, the affidavit states that she does not have any regular monthly expenses or any other debts or financial obligations, although her complaint directly references debts.

*sponte* dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, or if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2005).[2] As discussed in more detail below, the court finds that Warden's complaint is subject to dismissal under § 1915(e)(2).

## I. FACTUAL BACKGROUND

Warden offers a lot of background information in her 12-page handwritten complaint,[3] but she only names two individuals as defendants, Gregory Nagy and K.A. Darden.[4] The complaint contains only sparse—and innocuous—allegations about these two individuals.

In November 2013, Warden learned from Virginia's Department of Motor Vehicles that Nagy had filed a warrant in debt against her, seeking damages as a result of a car accident that occurred on August 6, 2010. According to the police report of the accident, Nagy reported that a

---

[2] Section 1915(e)(2) governs proceedings brought *in forma pauperis*, whether filed by a prisoner or non-prisoner. *Michau*, 434 F.3d at 728.

[3] Warden's complaint tells her "story" (Dkt. No. 1 at 3), which begins with the execution of a search at her boyfriend's residence in October 2011, resulting in her arrest on criminal charges. She discusses the charges against her, which eventually—in part because of her failure to timely pay fines and costs imposed as part of her sentence—caused her to owe thousands of dollars in fines to the circuit and general district courts of Montgomery County, Virginia. (Dkt. No. 2 at 1–2; *see also generally* Dkt. No. 2-1 (various documents attached as exhibits referencing her fines).) She alleges that she later paid many of those fines in an attempt to obtain her driver's license. Monies she owes as a result of the lawsuit brought by defendant Nagy, though, have prevented her from obtaining her driver's license from the DMV.
  Warden's complaint also discusses her neck surgery, her inability to work, her homelessness, and other financial difficulties. She ends with general complaints about the Montgomery County courts which, according to her, "rule by fiat" or arbitrarily "rule from the bench." (Dkt. No. 2 at 11–12.) She also lists the criminal convictions of a number of individuals, which she attempts to relate either to her statement that "crime pays" or that these individuals were "misinformed" like she was. (Dkt. No. 2 at 9–10; Dkt. No. 2-1 at 25–42.) She does not, however, tie any of these allegations to any wrongful conduct by either named defendant. It is patently obvious from her complaint that Warden believes that she has been treated unfairly or—as she puts it—"I'm fed up." (Dkt. No. 2 at 12.) It is entirely unclear, however, what she wants this court to do about it. Notably, she asks for no relief from this court anywhere in her complaint.

[4] The first page of Warden's filing is addressed to former Attorney General of the United States Eric Holder and states that Warden is sending him a packet of information. (Dkt. No. 2 at 1–2.) Near the end of the filing, she also "advise[s] that copies have been sent" to Holder; to Jeffrey A. Marks, who is identified as the "News 7 General Manager [at] WDBJ Television"; to Mark R. Herring, Virginia's Attorney General; to her attorney on some prior criminal matters, Randall Eads; and to a Bridgett, a clerk at one of the Montgomery County courts. Warden has not named any of these individuals as defendants. (*Id.* at 13, 1–2.)

2

vehicle driven by Warden struck his vehicle from behind while he was stopped at a red light. (Dkt. No. 2-1 at 13.) Other exhibits Warden has submitted, in conjunction with documents publicly available and of which the court takes judicial notice, show that a judgment was obtained against Warden, but rehearing was granted at her request after the court concluded that she had not been properly served. (*See* Dkt. No. 2-1 at 16–17, 22–23; *see also* docket sheet in *Geico, Surobgee of Gregory Nagy v. Warden*, Case No. GV11002311-00 (Montgomery/ Christiansburg General Dist. Ct.), available via search at https://eapps.courts.state.va.us/gdcourts (last visited September 15, 2015).) After rehearing, final judgment was entered against Warden on January 9, 2015, in the amount of $ 2,069.04, plus post-judgment interest. There are no other allegations related to Nagy, and no other conduct attributed to him.

Officer K.A. Darden was the police officer who responded to the accident scene. On the "non-reportable crash" form he signed, Darden estimated the damages to Nagy's Mercedes C230 to be $600. (Dkt. No. 2-1 at 13.) The report plainly states, though, that the "exact damages and the recovery thereof are civil issues to be resolved by the involved parties and/or their respective insurance companies." *Id.* There are no other allegations related to Darden.

Warden complains that the accident occurred "4 years" before the DMV made her aware of it. She also complains that she was not properly served (or that she was served at the wrong address) and that the Montgomery County court should have known her address because she has been in its "system" since October 31, 2011, as a result of the criminal charges against her. (Dkt. No. 2 at 7.)[5] She is upset that she had to obtain the police report herself, and that the existence of the lawsuit is making it difficult and more costly for her to obtain a driver's license. (*Id.* at 7–9.)

---

[5] As noted, though, her arguments regarding improper service resulted in a rehearing before the general district court.

3

Case 7:15-cv-00472-EKD   Document 3   Filed 09/21/15   Page 3 of 6   Pageid#: 62

She alleges "Just seems like every time I show them they find something else to throw at me." (*Id.* at 9.)

## II. DISCUSSION

The court concludes that the complaint here is subject to dismissal, both because it does not adequately plead or show jurisdiction, and because it fails to state a claim against either defendant.

As to jurisdiction, it is the plaintiff who bears the burden of proving that subject matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 646 (4th Cir. 1999). Although Warden does not state a basis for jurisdiction in her complaint itself, her civil cover sheet purports to invoke this court's federal question jurisdiction under 28 U.S.C. § 1331.[6] (Dkt. No. 2-2 at 1.) In the portion of the form directing her to identify the federal law under which she is filing, she wrote: "Amer. w/disabilities Other." (*Id.*) Under the well-pleaded complaint rule, federal question jurisdiction exists only when "a federal question appears on the face of a plaintiff's properly pleaded complaint." *Columbia Gas Transmission Corp. v. Drain*, 237 F.3d 366, 370 (4th Cir. 2001).

Warden has failed to meet her burden to plead jurisdiction. She does not describe any conduct by either defendant that would give rise to a claim under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101–12213 (2012). Certainly, the ADA is not implicated simply because a motorist (or his insurance company) brings suit alleging property damage sustained in an accident, or because a police officer responds to an accident scene. The court is unaware of what "other" statute Warden may be relying on, since she does not cite or name any other federal statute. While this court must construe Warden's *pro se* pleading liberally, it is not required to

---

[6] It is plain there is no basis for diversity jurisdiction, since Warden identifies all parties as residents of Virginia and since the amount in controversy does not exceed $75,000. *Cf.* 28 U.S.C. § 1332.

be a "mind reader" for a *pro se* litigant. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Nor is this court required to be Warden's advocate, particularly where, as here, the complaint does not appear to allege a constitutional deprivation. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (noting that a court is not required to "assume the role of advocate for the *pro se* plaintiff," but should examine a complaint carefully to determine if it alleges a constitutional deprivation, even if the pleading is inartful). Put differently, the court is not required to contemplate what federal statute might be implicated by defendants' conduct here, although it has done so and none come to mind. The allegations in the complaint simply do not provide any obvious basis for this court's jurisdiction over any claims against Nagy or Darden. For all of these reasons, the court concludes that Warden has failed to plead jurisdiction adequately and the complaint is subject to dismissal on this basis. *See Ashby v. Isle of Wight Cnty. School Bd.*, 354 F. Supp. 2d 616, 631 (E.D. Va. 2004) (addressing jurisdiction *sua sponte* and concluding that the plaintiff had failed to meet her burden of establishing that her claim was based on a federal statute).

Furthermore—and even if there were some possible basis for jurisdiction—Warden does not explain what conduct by Nagy or Darden renders them liable to her. Indeed, she fails to identify any particular cause of action against either one—or against anyone, for that matter. Without specific information as to what either of these individuals did that she believes gives rise to any cause of action—under a federal law or otherwise—the complaint against them is also subject to dismissal for failure to state a claim.

5

### III. CONCLUSION

Consistent with its conclusions herein, the court will grant Warden's request to proceed *in forma pauperis*, but will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2). An appropriate order will be entered.

Entered: September 21, 2015.

*Elizabeth K. Dillon*
United States District Judge